I call our next case, which is U.S. ex-rail Blader Veso v. Secretary of the Department of Homeland Security. May it please the Court. My name is Joseph Hohenstein, and I represent the petitioner, Blader Veso, and his wife, Suella Veso, in this case. I would like to reserve five minutes for rebuttal time with leave of court. All right. Although we've had the five-minute rebuttal reservation, which means everybody goes over their ten minutes, so we may dock you on your five minutes if you go over. I understand. Before addressing the legal issue, I want to provide the Court a brief glimpse into the lives of Mr. and Mrs. Veso. This is something, frankly, that just occurred to me as I was working on my own house, refinishing my floors yesterday, and I thought of Mr. Veso. He's a man who bought into the American dream, bought a house in Fishtown, fixed it up, worked hard, got a little bit of luck, hit a real estate bubble, got some extra money for his family, started to provide for them, providing for his daughter, making sure she gets proper health care. Two and a half years ago, that all changed. He was placed into custody. He's since been removed, and the American dream that he and his wife had, they're not so sure they have it anymore. Doesn't this all start with Mr. Veso coming here with a stolen passport? Yes. He did. I mean, this is not really the, I'm surprised and shocked, two years ago, you come get me, the man entered the country illegally with a stolen, altered passport. Shouldn't that really be the starting point for our analysis? Well, he did so based on a fear of what was happening in Albania. Now, he did not win his asylum case, but he was found to be credible in that fear, and I understand the Court's concern with that, and that is why he needs the waiver that he's asking for. I'm not asking for complete forgiveness, I'm asking for some understanding. Well, let's go back. I mean, we see lots of sympathetic cases. Yeah. We have to decide them, however, based on the law. Correct. And when in doubt, maybe we can send something back, if we think, you know, it's a close case, et cetera. But, quite frankly, I can't find here a basis for the jurisdiction in the District Court for the complaint that he filed. And he filed it on three grounds, with the APA and asking for mandamus and habeas, and I can't find a way to put that jurisdictional issue into the kind of, let's give them a break, framework. So if you can clarify for me precisely how you fit into a jurisdiction in the District Court, I'll be happy. And that's the primary issue. I believe the District Court contemplated some type of review, even its order where it said that the court could not assume jurisdiction over these constitutional and legal claims. It appeared to view the appropriate place for that to be the Third Circuit. Now, that is where – Well, he didn't file in the Court of Appeals. He filed in the District Court, and we're reviewing what the District Court did. Correct. And the District Court said, you know, it should have been brought in the Court of Appeals so I don't have jurisdiction in addition to others. Correct. So how did the District Court have jurisdiction? And the central error there is that he was interpreting the case to be a removal case. This is not a case about removal. It's not asking for review of the removal order. It's asking for review over an agency determination that we have argued does not follow an appropriate standard of law and did not actually utilize the discretion that the agency is charged with utilizing. And why doesn't 1252A2B say that's got to go to the Court of Appeals, not into the District Court? Well, we attempted to bring it before the Circuit Court with the first petition for review on the motion to reopen. Right. We were told in the Circuit Court that since jurisdiction for arriving alien adjustments lies only with the CIS, which was something that was very clear all the way along the line, that the Circuit Court could not review that portion within the petition for review. I'm sorry. I wasn't making my – I apologize. My question was not clear. We've said 1252A2B applies outside the removal context, right? Isn't that what Pinho and Gillen say? In certain areas, yes. Well, it's what they say. They say it's not confined to the removal context, right? The Section 1252, 242 of the Act, correct. Okay. However, if that's the case and that's what our precedent tells us, what are we to make – how do you argue – is there any other reason you believe that 1252 is inapplicable in this case? Let me ask it that way. Well, as I said, first of all, it's not a removal case. But we've already said it applies outside the removal case. So let's set that argument aside. Is there another reason why you say it's inapplicable in this case? Even if you're applying that, you have to apply all parts of the section, which would include 242A2D as well as the limitations in 242A2B1, and I believe only one, B1. I don't think this is a B2 case. But the error there is to presume that 242A2D is not something that a district court can then also continue to use because 242A2B didn't necessarily discuss what to do when an element of the case cannot be reviewed in the petition for review. And none of the court's precedents discuss that either. There's always the presumption that if we can't review it because of 242A2B1, we can review a legal claim under 242A2D because it's going to be brought up in a petition for review. But how do you get to the district? I mean, your contention is, well, because it's CIS decision-making, there's no petition for review. So, uh-huh, I have to be able to get into district court? See, that's my problem. I can't find a way for you to get into district court, which is where you went. And district court said, you know, doesn't fit here, doesn't fit here, doesn't fit here. Where were they wrong? How are you in district court properly? Because when the current version of 242A2 was enacted, there was no discussion about stripping jurisdiction in traditional forms to challenge non-removal agency action. It has been used as such, and I think it's been used as such appropriately because in every case that 242A2B has applied, there's also been an ability to review the legal error. There's never been a complete stripping of review. There's always been a review of the legal error under 242A2D somewhere in the person's procedural posture. Is this your theory or is there am I missing a whole boatload of district court cases that have been brought because of this lack of stripping and therefore we have the entree to district court? Do we have any cases where district courts have said, well, of course we have jurisdiction because of this theory? No, because none of them have involved a factual posture or procedural posture like this one with an arriving alien who attempted to make the claims that he was making in district court in the petition for review who was unable to because of that odd ramification of not having jurisdiction in a petition for review. So all of the other cases in which the jurisdiction stripping statute of part of 242A2B has applied, there have always been some form of review. Now, whether the person was timely in having made it or not, we understand the theory, Mr. Hohenstein, but the question is, is there any authority for that theory? Is there any case anywhere that says what you're saying? I mean, I get what you're saying is there's got to be jurisdiction, otherwise there's no review, so there's got to be jurisdiction. Do you have anything that says that that's, in fact, the way this has been interpreted? I would have to say that that would need to be a new decision because it is something that I haven't seen addressed yet. I would say that a few different precedents really allow for this kind of interpretation. One is, and I don't believe it was mentioned in any briefing as I was reviewing it, because it actually involves a different form of discretionary relief cancellation. But Mendez-Morachel, interpret Mendez-Morachel 338F3-176, and I apologize for bringing this up on oral argument, but the Court has asked. But that's the case that said that the hardship determination is discretionary. It was a different hardship standard. Right. But it did discuss the issue, and even the government's case of Cospito always discussed the issue of the fact that factual and discretionary determinations cannot be reviewed. There's never been a case that said we're never going to look at a legal claim or a due process claim such as the ones we've been making here, that those are really things that are outside of the judgment, the phrase or the word judgment as it's used in 242A-2B. Are you saying that the statute only bars review of actual discretionary decisions? That, and so it wouldn't apply. That's part of my issue here with saying this really isn't even, not even a removal case, that the statute can't apply because we're arguing no discretion was exercised, and we're also arguing legal error. My time is up right now. I'll step down and wait for a vote. Okay. Thank you. May it please the Court? My name is Kimberly Wiggins, and I represent the appellees in this matter. This case does not fit within the district court's jurisdiction. It is a case that seeks review of an agency determination. However, as an initial matter, Mr. Basso cannot adjust status from the United States because he's been removed from the country, and this action is therefore moot. Similarly, his habeas claim. Similarly. In any event, because he's conceded inadmissibility to the United States, no matter how he tries to label this case, the matters now in dispute are discretionary matters over the hardship waiver over which the district court has no jurisdiction because of 1252A2B. But what if he's saying, I'm not claiming that they made a wrong hardship determination as such. I'm complaining that they followed the wrong procedures, and when they decide these cases, they basically roll the dice. They don't really listen. They decide that based upon, you know, throwing a number of petitions down the stairs and seeing which ones go the farthest. You know, they don't follow the procedures they should. What if that's his claim? It's not the discretion they exercise. It's the failure to do what they're supposed to do. Could he bring an APA, declaratory judgment action, in the district court to address that? If that were the case, maybe so. But here, this is clearly a discretionary hardship determination. There was a four-page decision issued. The factors were weighed. It fits within COSPITO as a discretionary matter, and therefore there's no district court jurisdiction. Well, if the lower court didn't apply the right standard, then maybe the case should be sent back to the lower court to apply the right standard. There's still no basis for district court jurisdiction, Your Honor. 1252A2B is clear that there is no district court jurisdiction. Does that depend on whether or not the action was discretionary or non-discretionary? Yes, it does. Under Pinho, questions of statutory eligibility are subject to judicial review. But here, Mr. Vaso has conceded his inadmissibility, conceded the fraud that renders him inadmissible to the United States, and it is not in dispute that he lacks a NI601 waiver of inadmissibility. So what is in dispute is whether he is entitled to a discretionary hardship waiver. In the Gillen case, we said we weren't going to look at the constitutional claims because doing so would require revisiting the discretionary decision made by the Attorney General. But we made that decision under 1252A2B. Was the district court in error in analyzing those claims under 1252A2D? The district court held that where 1252A2B strips jurisdiction, 1252A2D restores it to the Court of Appeals. Great. But it doesn't say, was it wrong for the district court to look at a section of the statute that talks about jurisdiction in the Court of Appeals and start drawing inferences about jurisdiction in the district court? I don't think it was wrong because A2B says that no court shall have jurisdiction, and the district court observed that it is restored only, where it is restored, it is restored only to the Court of Appeals. So I think that was a valid point. However, Mr. Vaso, as an arriving alien, cannot bring his claim before the Court of Appeals. Arriving aliens do not have constitutional rights insofar as their immigration status is concerned, and they cannot file a petition for review. Let me ask my question this way, if I could. It would be sufficient, would it not, to look at 1252B and talk about the jurisdictional issue in that respect without ever mentioning 1252D? Yes, it would. So essentially there is no review for a complaint of his kind? That's correct, Your Honor. It's a nonexistent constitutional claim, and it therefore makes sense that there would be no forum for such a claim. Moving on to the – well, actually, I have no further points. I'll yield my time to the Court. Let me ask, do you know of any case where a claim of this kind has been pursued through the district court and jurisdiction found? I do not. Thank you. If there's nothing further, I'll yield. Thank you. Thank you. Mr. Hohenstein? I'd like to address the government citation to Jillian and note there's a distinction between 1252A2B1 and A2B2. And in A1, it focuses on any judgment regarding the granting of relief, and one of the reliefs is 212I or 1182I. In subsection 2, it addresses any other decision. And what that means is A1 – A2B1 addresses only judgment or exercises of discretion. A2B2 addresses any element of any portion of the decision in a discretionary case, including the exercise of law. And that's essentially what Jillian stands for. But the difference is important because this – and I think Amicus pointed this out – this is an A2B1 case that addresses that 212I waiver. And what we're saying there is, just as Judge Padova just mentioned, we are not saying – what we're actually arguing is that no discretion was ever exercised in this case. And one of the most seminal cases that we have in immigration law is a Supreme Court case called Akardi, which we've cited throughout, in which this type of activity was the focus of the complaint. It was a blacklisted individual at a port of entry who was essentially predetermined not to be admissible. And it went all the way up to the Supreme Court, and they said, wait a minute, you can't make these predeterminations, even if it looks like this person is completely excludable, no other types of necessarily substantive due process right, at least a procedural due process right. Did the Court regard that as a constitutional claim? Yes. Yeah. And it was regarded as a procedural due process case. Not substantive. I'm – and that's an important difference. But a – because we can't say here, although part of what we are arguing is the legal standard, but that at least has to get reviewed. I don't know that we can have the Court tell the agency what is the appropriate standard, but at least a federal court can review and see if the agency is following what is currently an appropriate standard. What's your response to the mootness argument? Actually, in this case, discretion was exercised. I'm sorry. Mr. Holstein, what's your response to the mootness argument? The argument that – the mootness argument that your opponent just made. The mootness argument is essentially focused in traditional habeas jurisdiction. Mr. Vassa was in custody at the time he filed. Custody continues even after removal, especially involuntary removal as this was. Custody continues after removal? Well, habeas jurisdiction relating to custody. Continues after removal? Continues even after removal, yes. Do you have a case to – Kumasumurati – or Kumasumurami from this Court, among others. But in essence, that – Can you give me a citation to that? Because that's kind of important. Yeah. I have that. Yeah. Kumasumurami, 453 F. 3rd, 169. And also that cited Levy Stickman, also from this Court, 357 F. 3rd, 338. And it just focuses on jurisdiction at the time of the filing. It remains with – and one thing I would really want to focus the Court on, the habeas jurisdiction in this case, isn't your standard challenging the removal order type of habeas jurisdiction. We cited habeas in order to make this case not moot if Mr. Vassa was removed because what we were saying is it is not that we're challenging the legality of the removal order. We were challenging the fact that before executing the removal, the government was neglecting or refusing to do in an appropriate way a case that is appropriately in their jurisdiction. That was the whole point of the BIA  They said the CIS, the agency, has jurisdiction over this case. And what we're saying is that the agency didn't exercise that jurisdiction, didn't exercise its discretion appropriately. And I realize we're asking the Court to step into an area that appears to be unfettered, but I think if the Court goes all the way back to the root of cases like the Accardi case, it will find jurisdiction properly rests here And there's an important distinction between an A2B1 case that covers only the judgment issue and not all of the decision and an A2B2 case like Geelin that covered all aspects of both the discretion and non-discretionary determination. Thank you. I'm going to ask Ms. Wiggins to address the issue of continuing habeas jurisdiction after removal if you'd like to comment on it because Mr. Hoenstein didn't assert, didn't strongly press his habeas case in the initial argument. If you'd like to address it or not. Certainly, Your Honor. Would you clarify exactly what you would like me to address? Yes. The contention that once Mr. Vaso has been removed from the United States that nonetheless we still have habeas corpus jurisdiction. I'm aware of no authority on that point. And in any event, this case is an adjustment of status case. The habeas actions were not brought, habeas issues were not brought up on appeal. This is an appeal challenging the agency's denial of adjustment of status and a discretionary hardship waiver. Okay. Thank you. All right. Thank you very much, counsel. We'll take the matter under advisement and ask the Court to recess the Court. Thank you.